NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MANUEL CAMARENA-SANCHEZ, | No. 08-70272 |
| Petitioner, | Agency No. A078-008-580 |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Juan Manuel Camarena-Sanchez a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals'("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to suppress

evidence and terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not err or violate due process in denying Camarena-Sanchez's motion to suppress, where he did not establish that the border officials' conduct was egregious or fundamentally unfair, *see INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984) (requiring "egregious violations . . . that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained" to exclude evidence in a civil immigration proceeding), and he was advised of his rights prior to the commencement of formal removal proceedings, s*ee* 8 C.F.R. § 287.3(c); *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2008) (holding that the advisal requirements under section 287.3(c) do not attach until formal proceedings are initiated by filing the notice to appear in immigration court). *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

We are not persuaded by Camarena-Sanchez's contention that 5 U.S.C. § 555(b) afforded him a right to counsel at the time of his statement at the border, where he cites no authority to support his contention. *Cf.* 8 C.F.R. § 292.5(b); *Gonzaga-Ortega v. Holder*, 736 F.3d 795, 804 (9th Cir. 2013) (as amended) (citing 8 C.F.R. § 292.5(b) to hold that the petitioner, a lawful permanent resident, did not have a right to counsel at secondary inspection when seeking admission to the

United States); *Ardestani v. INS*, 502 U.S. 129, 134 (1991) (subsequent to the implementation of the Immigration and Nationality Act, the Administrative Procedure Act no longer governs deportation proceedings).

To the extent Camarena-Sanchez requests review of the IJ's determination regarding the lack of sworn statement, we do not reach this contention. *See Maldonado v. Lynch*, 786 F.3d 1155, 1160 (9th Cir. 2015) (en banc) (review is limited to the grounds upon which the BIA relied for its decision).

We deny the request for EAJA fees as moot.

**PETITION FOR REVIEW DENIED.**